Mathews, J.
delivered the opinion of the court.* This case is submitted to the court for decision, without argument; reference being made by the counsel of the parties to the arguments used in the case of Maria C. Wilson, tutrix, ads. J. L. Balio, in which judgment has just been pronounced. The difference between the two cases, will be best understood by a short statement of the commencement and proceedings in each.
In the case already adjudged, an action was instituted in the district court, against Mrs. Wilson, as tutrix of her minor children, to cause a judgment against their ancestor, confessed in a certain mortgage, as set forth by the plaintiff in the petition, to be revived and made executory against his heirs, in pur *362 suance of the rule of the Civil Code, which forbids the seizure of the property of a widow in community, or of heirs, until after having caused to be declared executory against them the title executed by the husband, or the deceased—p. 490, art. 7.
West'n District.
Sept. 1822.
In that suit judgment was rendered, from which no appeal was taken, but a subsequent suit instituted, in the same tribunal, to cause it to be executed, which proceeded to final judgment, was appealed from, and has been adjudged in the appellate court as seen in their decision.
In the case now under consideration, the appellant seeks to have a judgment, obtained against J. M. Martin during his life-time, made executory against his heirs, who are of full age, and have accepted his succession with the benefit of an inventory. In their answer they declare the estate, which they have thus accepted, to be insolvent, and pray that execution of the judgment, against their ancestor, should be stayed, until a classification of all the debts due by his estate should be made by the judge of probates of the parish of Rapides. The judgment, which is revived by the present suit, contains a decree, ordering the *363 seizure and sale of a certain tract of land therein mentioned, as being subject to the plaintiff's demand, by a tacit lien and purely such as the law accords to vendors. The district court having stayed execution, as prayed for by the defendants, the plaintiff appealed.
In cases of vacant estates we have had occasion, during the last term of the court in Opelousas, to express our opinion on the course of conduct to be pursued by curators, and the right of creditors to enforce payment of their debts; and should it appear, that beneficiary heirs are in a situation similar to curators of vacant estates, or that their legal functions are strongly analagous, we may safely refer to the reasoning in that case, as forming a just basis for a decision in the present.
A curator cannot pay the debts of the vacant succession, without the authorization of the judge of probates; and in case of insolvency, classification must be made.
On referring to the Civil Code, where it treats of heirs with the benefit of an inventory, it seems that they are placed nearly on the same footing with curators of vacant estates, in relation to the administration of their ancestors’ successions.
*364 In p. 168, art. 104, we find it laid down, that, although the heir who accepts with the benefit of an inventory, be really the lawful heir, and true successor of the deceased, the effect, however, of the benefit of an inventory, is to make him appear, in the eyes of the creditors and legatees of the succession, rather as the administrator of the estate, than as the true heir and proprietor of it. They may be required, under certain circumstances, to give security for the value of the property contained in the inventory; and in default thereof, compelled to deposite all sums of money, held on any title belonging to the succession, in Bank—Ib. art. 107. On opposition made by any creditor, they are prohibited from paying the debts of the succession, otherwise than in the order and manner settled by the judge. Same authority, art. 108.
It is clear, from the evidence in this case, that opposition has been made to the payment of the plaintiff's debt by the heirs themselves, who claim to be privileged creditors to a large amount. There is, perhaps, no proof of insolvency, as alleged in the answer ; but the opposition, as it appears, in the record of the heirs of Martin vs. Thomas C. Scott, is *365 enough to require classification, before payment by the beneficiary heirs. All the arguments used against the correctness of the judgment of the district court, are drawn from inconvenience, a most fruitful source of reasoning in all cases of litigation, but which must yield to positive law.
Johnston for the plaintiff, Thomas for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

 Porter, J. did not join in the opinion, having been of counsel in the cause.