*Eastern Dist.*
*March,* 1835.

HUDSON
*vs.*
PERRY ET AL.

---

### HUDSON *vs.* PERRY ET AL.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

Where judgement is rendered against a debtor, who is returned not found on a *fieri facias* and *ca. sa.*, and the bail fails to produce him when called on, judgment will be rendered against the bail for the amount of the debt, on motion; after giving him ten days notice in writing, and on the exhibition of the returns of not found, on the writs of *fieri facias* and *ca. sa.*

It does not follow, that when the principal debtor leaves the state without the leave of the court, the penalty of the bail bond attaches absolutely.

16

The surety has still the right to surrender him, at any time before judgment against himself, on the bond.

The principal obligations assumed by the surety, are to pay the amount of the judgment rendered against the debtor, or to surrender him in execution.

The neglect or refusal of the surety to surrender the debtor in execution, is to be taken as *primâ facie* evidence that the latter has departed from the state, and the bail bond is thereby become forfeited.

But the bail or surety has still the right to discharge himself by a surrender of the debtor, until final judgment is entered, and the debtor is considered in law as in the friendly custody of his surety, who, in case of escape, has at any time a right to arrest him by the aid of legal process.

The plaintiff obtained a judgment against the defendant, Perry for six hundred dollars, with interest and costs. Judgment was signed 2nd November, 1831. Perry had given bail at the commencement of the suit, and the bond was transferred, to the plaintiff by the sheriff.

Two writs of *fieri facias* were issued on the judgment, upon which the sheriff returned, that the defendant was not to be found in the parish, and that he had called on his bail to show property, who failed to do so.

A *ca. sa.* issued, upon which the sheriff returned, that having made the necessary inquiries to find the defendant, he called on his bail to produce him, who failed. This last writ was returned the 4th April, 1833.

On the 6th April, the plaintiff's attorney gave notice, in writing, that at the end of ten days from the service of this notice, he should move the court for judgment against the persons who signed as bail, for the amount of the original debt, interest and costs.

The defendants admitted their signatures to the bail bond, and pleaded a general denial. On exhibiting the record of the suit and judgment against Perry, with the several writs of *fieri facias* and *ca. sa.*, and the returns thereon, and after hearing arguments of counsel, the court was of opinion the proof was insufficient to authorise a recovery. Judgment of

non-suit was rendered against the plaintiff, from which he appealed.

HUDSON
*vs.*
PERRY ET AL.

*Labauve*, for the plaintiff.

*Davis*, contra.

*Bullard, J.*, delivered the opinion of the court.

The appellees in this case became the bail of one Perry, who had been arrested at the suit of Hudson, the appellant. Judgment was rendered against Perry, for six hundred dollars, and a writ of *fieri facias* which issued thereon, having been returned, no property found, a *capias ad satisfaciendum* was sued out, upon which the sheriff returned, that the defendant was not found in the parish, and that he had called on the bail to produce him, which they had failed to do. Upon the exhibition of this proof, the plaintiff moved the court for judgment against the bail, after having given due notice, in writing, of his intended motion. In answer to the motion, the appellees denied all the allegations therein contained, except that they signed the bond. The court being of opinion that the plaintiff had failed to make out his case, gave a judgment of non-suit, and he appealed.

It is urged that the plaintiff is not entitled to recover of the bail, without proof that the principal had left the state, without leave of the court, according to the conditions of the bond, and no such proof having been given, the judgment of the District Court is correct.

The Code of Practice provides, that "if the surety fails to present the person of the debtor, on execution of the definitive judgment rendered against him, the plaintiff shall be entitled to judgment against such surety for the amount of the judgment rendered against the debtor, by moving for it before the court by which it was rendered, after exhibiting the act of surety transferred to him by the sheriff, provided written notice of the intended motion be given to such surety, ten days previous to taking judgment against them." *Article* 235.

*Marginal notes:* Where judgment is rendered against the debtor, who is returned not found on a *fieri facias* and *ca. sa.*, and the bail failed to produce him when called on, judgment will be rendered against the bail for the amount of the debt, on motion, after giving him ten days' notice in writing, and on the exhibition of the returns of not found on the writs of *fieri facias* and *ca. sa.*

It does not follow, that when the principal debtor leaves the

EASTERN DIST.
*March*, 1835.

HUDSON
*vs.*
PERRY ET AL.

state *without* the leave of the court, the penalty of the bail bond attaches absolutely. The surety has still a right to surrender him, at any time before judgment against himself on the bond.

The principal obligations assumed by the surety, are to pay the amount of the judgment rendered against the debtor, or to surrender him in execution.

The neglect or refusal of the surety to surrender the debtor in execution, is to be taken as *primâ facia* evidence, that the latter has departed from the state, and the bail bond is thereby become forfeited.

But the bail or surety has still the right to discharge himself by a surrender of the debtor, until final judgment is entered, and the debtor is considered as in the friendly custody of his surety, who in case of escape, has at any time a right to arrest him by the aid of legal process.

The record exhibits evidence of all the facts upon which a recovery of the surety is made to depend by the article above recited. A demand was made on the sureties to surrender their principal, on execution of the judgment rendered against him. But the defendants contend that something more is required in order to entitle the plaintiff to recover; that he must show that the principal had actually left the state, as that is the condition of the bond. It is true, such is the condition of the bond; but it does not follow, that even when the principal leaves the state, without the leave of the court, the penalty of the bond attaches absolutely. The surety has still the right to surrender him at any time before the judgment is pronounced against himself, on the bond. *Code of Practice* 231. All these articles must be taken together in deciding upon the liability of the surety. Under the act of 1805, it was held by this court, that the judgment creditor could not recover on a bail bond, without proving the departure of the principal from the state. 10 *Martin*, 363. But the provisions of the act of 1805, regulating the practice of the Superior Court were different from those of the Code of Practice, in this particular. By that act judgment might be rendered against the bail if it should appear *that the condition of the bond had been broken*. According to the provisions of the Code of Practice, this court held, in the case of *Walls* vs. *Smith*, 3 *Louisiana Reports*, 498, that the principal obligations assumed by the surety are to pay the amount of the judgment rendered against the debtor or to surrender him in execution.

The Code has pointed out what shall be taken as sufficient evidence of a breach of the conditions of the bond, and has made the recovery of the bail to depend on the exhibition of such proof. According to our construction of the article first recited, the neglect or refusal of the surety to surrender the debtor in execution, is to be taken as *primâ facie* evidence that he had departed from the state, and the bond has become forfeited. The surety still has right to discharge himself, by a surrender of the debtor, until final judgment is entered, and the debtor is considered in law, as in the friendly custody of

his surety, who, in case of escape, has at any time a right to arrest him, by the aid of legal process. In this case, we are of opinion that the plaintiff has brought himself within the law and is entitled to recover.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and that the plaintiff recover from the defendants Jean Baptiste Rills and Frederick A. Davis, the sum of six hundred dollars, together with the costs of the suit of Hudson *vs.* Perry, and the costs of their motion in the District Court and of this appeal.