## CHARLES W. PHILLIPS *v.* BENJAMIN F. HAWKINS.

On a rule against the sureties on a bail bond, (taken under the act of 28 March, 1840, supplementary to another act approved on the same day,) conditioned that the principal shall not depart from the state for the term of three months without leave of court; or, in case of such departure without leave, that the sureties shall pay the amount for which definitive judgment may be rendered, the plaintiff must show that the principal has left the state within the three months in violation of the bond, or he cannot recover.

APPEAL from the District Court of the First District, *Buchanan*, J.

*L. C. Duncan*, for the plaintiff.

*W. M. Randolph*, for the appellants.

SIMON, J. The appellants, Lambeth and Thompson, are sought to be made liable as sureties of the defendant Hawkins on a bail bond by them subscribed, under the first section of an act of the legislature, entitled " an act supplementary to an act entitled an act to abolish imprisonment for debt," approved March, 28th, 1840.

On the motion of the plaintiff's counsel who obtained a rule to that effect in the court below, and on the production of the sheriff's

return, of " no property found" on the writ of *fieri facias* which had been issued against the defendant, the appellants were condemned to pay the sum of $5250 with interest, being the amount of the judgment previously rendered against said defendant, and for which an execution had been issued. From the judgment on the rule the sureties have appealed.

It is contended by the appellants : 1st. That by the terms of their obligation, and of the law under which it was taken, they can only be made liable on their bond upon proof of the principal obligor's having departed the state within the term of three months.

2d. That there is error apparent on the face of the record—that judgment was rendered by the court *a qua* for more than the plaintiff claimed or proved.

I. The law relied on (Bullard & Curry's Digest, p. 475, No. 16,) says ; that " *the condition of the bond to be given by a debtor, who shall have been arrested by his creditor, shall be, that the debtor shall not depart the state for the term of three months, &c.*" The bond or obligation under consideration, was received by the sheriff on the 7th of May, 1841, and stipulates the condition under which the appellants consented to be bound, in the very terms of the statute, with the further stipulation, that " *in case of the debtor's departure* without leave of the court, the sureties shall pay to the sheriff the amount for which definitive judgment shall be rendered in the cause, &c." This bond was, before judgment, regularly assigned to the plaintiff.

Now, it seems to us that according to the doctrine recognized in the case of *Sompeyrac* v. *Cable,* 10 Mart. 363, " the bond taken requires proof of the defendant's departure from the state ;" and the plaintiff has only shown that a writ of *fieri facias* was issued against the principal debtor, which was returned " no property found." This evidence was clearly insufficient to fix the sureties' liability under their bond, as the departure of Hawkins from the state is the only circumstance upon which the right of recovery depends. It was the duty of the plaintiff to establish the fact, that the debtor had left the state within three months after his arrest. The *onus probandi* rested upon him ; as, according to the rules of evidence, the sureties could not be called upon to prove a negative, viz. that

the principal obligor did not depart the state. 1 Starkie, 376. 1 Phillips, 198. 11 Mart. 6. Ib. 194. 3 La. 86. We are of opinion that the plaintiff has not shown himself entitled to recover.

II. The judgment appealed from was rendered for $1000 more than was claimed by the plaintiff in his original and amended petitions. His claim was founded upon two notes found in the record, the amounts whereof correspond with the prayers of both petitions ; and no evidence was adduced below to establish any larger claim. The two notes sued on amount together to $4250 with interest, and judgment was erroneously rendered against the principal obligor for $5250. It is clear, that the appellants could not be bound to pay more than was really due to the plaintiff; and that, had the latter succeeded in establishing the sureties' liability on the bond, the error complained of should be corrected.

As the case stands, however, the judgment appealed from must be wholly reversed ; and ours must be one of nonsuit against the plaintiff.

It is therefore ordered, that the judgment of the District Court be annulled, and reversed, and that ours be for the appellants as in case of nonsuit, with costs in both courts.